UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTERO DANIEL, BOOKING #18148776,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>SAN DIEGO COUNTY,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 21cv1412-DMS (BGS)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

　　　　Plaintiff Quintero Daniel, incarcerated at the Vista Detention Facility in Vista, California, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff claims his rights to adequate medical care and to be free from cruel and unusual punishment were violated on August 31, 2020, when two San Diego County Sheriff's Deputies ignored his requests for medical attention for five hours after he suffered a serious allergic reaction caused by a food allergy. (*Id.* at 11-16.)

　　　　Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing and has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

## I. Motion to Proceed IFP

All parties instituting any civil action in a district court of the United States, except a petition for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005); 28 U.S.C. § 1915(h) (defining a "prisoner" as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program.") From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1) & (4). The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). Plaintiff remains obligated to pay the entire fee in monthly installments regardless of whether their action is ultimately dismissed. *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

In support of his IFP Motion, Plaintiff has submitted a copy of his Inmate Statement Report which indicates his account balance as of the date of the statement and contains an

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

accounting of the monthly deposits and balances for only a single month, June 2021. (ECF No. 2 at 5.) The Motion to Proceed IFP fails to comply with 28 U.S.C. § 1915(a)(2) because it does not include a certified copy of his trust fund account statement or an "institutional equivalent" attesting as to his trust account activity and balances for the 6-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2); S. D. Cal. CivLR 3.2.b. Without this accounting, the Court is unable to fulfill its statutory duty to assess the appropriate amount of initial filing fee which may be required to further prosecute this case. *See* 28 U.S.C. §1915(b)(1). Accordingly, Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED** without prejudice to Plaintiff to provide the Court with the required document.

## II.     Conclusion and Order

(1)     Plaintiff's Motion to Proceed IFP (ECF No. 2) is **DENIED** and this action is **DISMISSED** without prejudice for failure to prepay the filing fee as required by 28 U.S.C. § 1914(a).

(2)     Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which complies with 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b). The Clerk of the Court will provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis." If Plaintiff fails to timely prepay the civil filing fee or timely complete and submit the enclosed Motion to Proceed IFP the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED.**

Dated:  August 11, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court